UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

NAIM DAMAA,
    Petitioner-Plaintiff,

LORRIE DAMAA, Plaintif,

V.

DENNIS REARDON, as acting District
Director, Citizenship and Immigration
Services, Boston District Office;
BRUCE CHADBORNE, Acting Director
of Immigration and Customs Enforcement
(ICE), Boston District Office:
JOHN ASHCROFT, Attorney
General of the United States;
    Respondents-Defendants.

03-12380 GAO

MAGISTRATE JUDGE

AMOUNT $____
SUMMONS ISSUED____
LOCAL RULE 4.1____
WAIVER FORM____
MCF ISSUED____
BY DPTY. CLK.____

*APPLICATION AND
MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR A WRIT OF HABEAS CORPUS,
FOR AN INJUNCTION PROHIBITING THE CIS FROM DEPORTING MR. DAMAA,
A WRIT OF MANDAMUS ORDERING THE DEFENDANT AS TO ACCEPT AND
ADJUDICATE FORTHWITH THE PLAINTIFFS' APPLICATIONS FOR LPR STATUS,
FOR DECLARATORY RELIEF, ETC.*

*I.*    *INTRODUCTION AND SUMMARY OF THE CASE*

Plaintiff Loree Damaa is a natural born United States Citizen who petitioned Citizen and Immigration Services [hereinafter "CIS"] that her alien husband, Petitioner Naim Damaa, be granted Lawful Permanent Resident Status [hereinafter "LPR Status"] in the United States. Previously, Mr. Damaa was admitted to the U.S. pursuant to the Visa Waiver Program [hereinafter sometimes referred to as the "VWP"], INA section 217, 28 U.S.C. section 1187, as a citizen of Australia.

1

As the spouse of a United States citizen who had been inspected and admitted to the United States, Mr. Damaa was eligible to receive LPR status under INA sections 245(a) and (c), 28 U.S.C. section 1151 (a) and (c) (subsection c explicitly excludes, inter alia, spouses of United States Citizens from the summary removal procedures of the Visa Waiver Program).

The couple executed the necessary forms and gathered the required supporting evidence. Pursuant to local CIS procedures, they delivered the documents in-person to the Boston District office. Rather than accepting the documents and commencing an adjudication of the case, as is the custom of the Boston District in such overstay cases; CIS instead rejected the papers, and CIS and ICE detained Mr. Damaa.

The respondentss are wrongfully detaining Mr. Damaa without any opportunity for bond or review by any judicial authority and are in the process of deporting Mr. Damaa forthwith, without the opportunity to contest the deportation and without any review of the respondents' alleged waiver of the right to contest his deportation.

Mr. Damaa moved the Immigration Court to stay the proceedings to allow the adjudication of his wive's petition for his LPR status and for release on bond. The Immigration Judge improperly ruled that she had no jurisdiction over either the bond issue or any other aspect of the case. The Judge suggested that jurisdiction was in the Federal District Court.

The respondents' detention of Mr. Damma without the possibility of judicial review and the respondents' impending summary removal of Mr. Damma violates the Due Process Clause of the Fifth Amendment to the Constitution and the plain language of the statutory scheme: (1) no part of the statutory scheme provides for detention without

review; (2) the statutory scheme plainly indicates that Mr. Damaa is eligible for LPR status as the spouse of a United States Citizen who was inspected and admitted into the United States; (this is a defense to deportation or entitles Mr. Damaa to relief from deportation); and (3) at a minimum, Mr. Damaa has the right to judicial review of whether he knowingly and voluntarily waived any rights when we entered the U.S. under the Visa Waiver Program. The respondents' conduct and their proposed interpretation of the statuary scheme also violates Mrs. Damaa's fundamental right to marriage as protected by the Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States. Accordingly, Mr. Damaa requests a writ of Habeas Corpus, a stay of his deportation, release on bond, an order that the respondents accept and adjudicate his petition, declaratory judgement, and an award of attorney's fees and costs.

## II.    THE PARTIES

1. Petitioner Naim Damaa is a citizen of Australia, a native of Lebanon, and the husband of a United States Citizen. The respondent has been unlawfully detained since October 29, 2003.

2. Plaintiff Lorrie J. Federico is a natural born United States Citizen from Medford, Massachusetts, and the wife of Mr. Damaa.

3. Dennis Reardon is the Acting District Director of the CIS, Boston District Office. CIS is responsible for accepting and adjudicating the Petitioner's applications for LPR status, CIS wrongfully referred Mr. Damaa to CIE for Detention, improperly refused to accept and process Mr. and Mrs. Damaa's applications and supporting evidence for Mr. Damaa's LPR

        Status, is wrongfully detaining Mr. Damaa and has denied Mr. Damaa the right to a bond hearing.

4. Bruce Chadborne is the Director of the of Immigration and Customs Enforcement(herein after "ICE") Boston Districe Office. CIE is detaining Mr. Damaa, is in the process of improperly deporting Mr. Damaa, and has denied Mr. and Mrs. Damaa the right to bond and judicial review of his detention and to a bond hearing before a judicial authority, and have denied Mr. Damaa his right to have his LPR petition adjudicated.

5. The Boston Immigration Court is a branch of the Executive Office of Immigration Review, a Department of the Attorney General. The Boston Immigration Court wrongfully ruled it did not have jurisdiction to convene a bond hearing and a custody re-determination, to stay his deportation, and to adjudicate his Application to Adjust Status.

### III. *THE FACTS:*

    a. <u>*Mr. and Mrs. Damaa enjoy a bona fide marriage.*</u>

6. The Mr. Damaa is the husband of a United States Citizen – Lorrie Damaa. *See Exhibit A, para. 9, Affidavit of Lorrie Damaa; Exhibit D, Marriage Certificate.* Mrs. Damaa is a natural born United States Citizen from Medford, Massachusetts. *See Exhibit F, Birth Certificate of Mrs. Damaa.*

7. The couple was introduced by Lorrie's mother in March 2003. *Exhibit A, para. 5, Affidavit of Mrs. Damaa.*

8. They became friends, then were engaged in July 6, 2003. *Id. at para. 6.*

4

9.  The couple married on August 30, 2003 in Cambridge, Massachusetts. *Id. at para. 9; Exhibit B, Marriage Certificate.*

10. The couple has resided since that time at 72 Fourth Street, Medford, Massachusetts. *Id. at para. 3.*

11. Mrs. Damaa is employed by Wyeth Pharmaceutical in Cambridge, Massachusetts and earns approximately $52,900 annually. *See Exhibit E, Letter from Wyeth Pharmaceutical.*

12. Mr. and Mrs. Damaa plan to start a family immediately. Given the fact that Mrs. Damaa is thirty-four years old, if Mr. Damaa is deported, it could compromise their ability to have children. *See exhibit I, para. 15, Affidavit of Mr. Damaa.*

b. *Mr. Damaa's background and admission into the U.S.*

13. Mr. Damaa is thirty-four years old and was born and raised in Lebanon. *Exhibit I, Affidavit of Mr. Damaa.*

14. Mr. Damaa did not finish high school. *Id. at para. 6.*

15. Mr. Damaa never studied English. *Id. at para. 5.*

16. Mr. Damaa has very limited English proficiencies and reads virtually no English. *Id.*

17. The respondent last entered the United States on April 17, 2000 in Boston, Massachusetts. *Exhibit C, I-94 W, with U.S. entry stamp.* He was inspected and admitted or paroled pursuant to the Visa Waiver Program. *Id.*

5

18. The respondents claim that, as a person admitted under the Visa Waiver Program, Mr. Damaa waived any right to contest his deportation and any right to review by a court.

19. Mr. Damaa did not understand that he was waiving his right to contest any deportation. *Exhibit I, affidavit of Mr. Damaa, para. 14.*

20. Mr. Damaa believes he may not have signed such a waiver and, if he did, he did not understand the waiver or its consequences. *Id.*

21. Any papers signed were in English, and not in his native language of Arabic. *Id.*

22. Prior to his admission to the U.S., Mr. Damaa did not consult a lawyer about the visa waiver program or any other aspect of the immigration laws of the United States. *Id.*

23. Mr. Damaa did not understand that he was waiving any rights, including without limitation, the right to contest any deportation or removal from the United States. *Id.*

  c. *The respondents' improper rejection of the couple's petition and the wrongful detention of the Mr. Damaa without the opportunity for judicial review*

24. The couple prepared the necessary documents to petition the CIS for resident status for Mr. Damaa.[1] *Exhibit A, para 10, Affavit of Mrs. Damaa.*

---

[1] The full petition presented to the Immigration Services Boston District Office included Forms I-130, I-485, I-864, G-325, 3 years of Mrs. Dama's tax returns, and all other required documentation to apply for permanent residence. The I-130 Petition for Alien relative is executed by the U.S.C. spouse and the I-485

25. The couple went to the CIS Boston District Office on or about October 29, 2003 and presented the petition to the Immigration Officials. *Id.*

26. CIS rejected the petition, took the respondent into custody, and are detaining the Mr. Damaa.

27. The Respondents CIS and ICE are detaining Mr. Damaa and are in the process of deporting Mr. Damaa from US on the grounds that he overstayed his permissible stay under the Visa Waiver Program. They claim that Mr. Damaa waived all rights to contest his deportation by entering under the Visa Waiver Program.

28. After Mr. Damaa's detention, Mrs. Damaa filed an I-130 Petition for an Alien Relative with the CIS in Vermont requesting an immigrant visa for the respondent.

   d.  *Presentation to the Immigration Court.*

29. After his detention, Mr. Damaa moved the Immigration Court for bond and to stay the proceedings to allow an opportunity for the adjudication of his petition.

30. The Immigration Judge ruled she did not have jurisdiction over either issue because the case fell within the scope of the Visa Waiver Program and that the program precluded her review. *See exhibit L, Order of the Immigration Court, dated 11/17/03.*

---

Application for Adjustment of Status is executed by the beneficiary, Mr. Damaa. The filing is referred to as "the petition."

7

*IV.*   *ANALYSIS*

    a.   *Jurisdiction and Venue.*

31.    This Court has jurisdiction under 28 U.S.C. section 2241 (Federal Habeas Corpus), Article I, Section 9, clause 2 of the United States Constitution (the "Suspension Clause"), and 28 U.S.C. section 1331 (Federeal Question Jurisdiction) on the basis that Mr. Damaa is presently in the custody of the authority of the United States, and said custody and the other conduct of the respondents violates the Constitution, laws, or treaties of the United States. *See, e.g., Henderson v. Reno*, 157 F.3d 106, 122 (2nd Cir. 1998), *cert. denied sub. nom. Reno v. Navas*, 119 S. Ct. 1141 (1999).

The Court has jurisdiction under 28 U.S.C. section 1361 over actions in the nature of mandamus.

The Court has jurisdiction over actions for declaratory relief under 28 U.S.C. section 2201.

Venue is proper under 28 U.S.C. section 1391(b) & (e).

    b.   *Exhaustion of Remedies*

32. A person challenging his or her detention by immigration officials is not required to exhaust administrative remedies prior to filing for a writ of Habeas Corpus. *Tam v. INS*, 14 F. Supp. 2d 1184, 1189 (E.D. Cal. 1998)("Congress has not specifically mandated exhaustion before [seeking] judicial review of [immigration] custody determinations");

33. Nevertheless, Mr. Damaa has exhausted his administrative remedies to the

extent required by law. Mr. Damaa brought a motion before the Immigration Court requesting release on bond, a stay of deportation, and arguing that the conduct of the CIS and ICE denied Mr. Damaa's Due Process Rights under the Fifth Amendment to the United States Constitution and violates the laws of the United States, including the statutory scheme of the INA, and Mrs. Damaa's Constitutional Rights.

34. The Immigration Judge ruled that jurisdiction to consider bond, a stay, the Constitutional claims, or the INA Section 217 and its regulation, (8 U.S. 1. section 1187) deprived the judge of violations of Federal law. *Exhibit L, Order of the Boston Immigration Court, dated 11/17/03.*

35. The Board of Immigration Appeals [hereinafter "the BIA"], in dicta, indicated that it interpreted INA section 217, 8 U.S.C. section 1187 and its regulations to preclude any contest to deportation or review any bond determination by a judicial authority for persons who entered under the Visa Waiver program. *In re Manuel Ignacio Galardo-Fresneda*, 21 I & N Dec. 210, 212 (1996).

36. Additionally, the BIA does not have the authority to entertain a writ of Habeas Corpus challenging the constitutionality of the respondent's conduct. *See Matter of Joseph*, Int. Dec. 3387, at page 6 (BIA, 4/23/99); *Cabreja-Rojas v. Reno*, 999 F. Supp. 493, 496 (S.D.N.Y. 1998) (Board only has the power delegated it by statute and implementing regulations).

37. Finally, exhaustion is not required where "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury ma occur without immediate relief; (3) administrative appeal would be futile; and (4) in certain

instances a plaintiff has raised a substantial constitutional question." *Howell v. INS*, 72 F.3d 288, 291 (2nd Cir. 1995). *Cf., McCarthy v. Madigan*, 503 U.S. 140, 146 (1992)

38. The case at bar presents substantial Constitutional questions. These issues involve whether summary deportation violates Mr. Damaa's Fifth Amendment Rights, is contrary to the laws of the United States (the Immigration and Naturalization Act), and violates Mrs. Damaa's fundamental rights to marry the person of her choice; and whether Mr. Damaa's detention without review of the custody determination and without review of his alleged waiver of rights, violates his Due Process Rights under the Fifth Amendment to the United States Constitution.

39. An appeal to the BIA, given its limited jurisdiction, provides no adequate relief – and the BIA has ruled that it has no jurisdiction. *See paragraphs 35 & 36, supra.* Thus, such an administrative appeal would be futile.

40. The ICE has stated that Mr. Damaa will be deported imminently.

41. Thus, there is a great risk that Mr. Damaa would be deported while the case is pending before the BIA this will cause irreparable damage by separating him from his U.S.C. wife, and his continued wrongful incarceration, also constitutes irreparable damage.

> c. *Under INA sections 245(a) and 245 (c), Mr. Damaa is eligible for Lawful Permanent Resident Status as the spouse of a United States Citizen who was inspected and admitted into the United States. His overstay of the permissible period of his admission under the Visa Waiver Program does not preclude his adjustment of status. This adjustment of status is a defense to his deportation from the United States. Thus, the respondents' refusal to accept the petition for Lawful Permanent Resident status and the proposed summary deportation of Mr. Damaa violates the laws of the United States.*

42. Mr. Damaa, as the spouse of a United States Citizen who was inspected